between creditors and debtors, and certainly would tend to impair the obligation of contracts.

[See Ogden v. Saunders, 12 Wheat. (25 U. S.) 286.]

---

## Case No. 5,427.

### GILL v. PATTEN.

[1 Cranch, C. C. 114.] [1]

Circuit Court, District of Columbia. March Term, 1803.

PLEADING—WITHDRAWAL OF PLEA OF COVENANTS PERFORMED—SPECIAL PLEA.

The court will give the defendant leave to withdraw the plea of covenants performed, and to file a special plea, if it appear to be a plea to the merits, and not decidedly bad, leaving the plaintiff to his demurrer.

Covenant for rent. Plea, covenants performed.

Mr. Youngs, for defendant, moved for leave to withdraw the plea, and file a special plea, stating a covenant on the part of Gill that he would pay the ground-rent due to W. T. Alexander, but had not done it, whereby Patten was prevented from occupying fully, for fear of having his goods seized for that rent due to Alexander.

The first plea was put in at the rules in time. THE COURT not being certain that the plea offered is bad, and not being willing to decide upon the validity of the plea, permitted to be filed.

[See Cases Nos. 5,428–5,430.]

---

## Case No. 5,428.

### GILL v. PATTEN.

[1 Cranch, C. C. 465.] [1]

Circuit Court, District of Columbia. Nov. Term, 1807.

EJECTMENT—MESNE PROFITS AND IMPROVEMENTS.

Permanent and useful improvements made upon the land, may be given in evidence in mitigation of damages, in an action of trespass for mesne profits, brought after recovery in ejectment.

[Cited in Stark v. Starr, Case No. 13,307.]

The question submitted to the court, in this case was, "Whether valuable and permanently useful improvements made upon the land, may be given in evidence in mitigation of damages by the defendant in an action of trespass for mesne profits, brought after a recovery in ejectment."

F. L. Lee, for defendant, submitted the following written argument:

May improvements be recouped in an action of trespass for mesne profits? 1st. Permanently useful improvements were recouped in the action of assize of novel disseisin

[1] [Reported by Hon. William Cranch, Chief Judge.]

at common law. 2d. They were recouped in the action of trespass with continuando when brought after an entry. 3d. They may, and for particular reasons ought, to be recouped in the same action when brought after a recovery in ejectment.

1. When a man has been disseized of his estate and kept out of possession, he is or may be injured in three respects; by the loss of his land, by the loss of the profits, and by injury done to the estate itself. For all these injuries he ought to be indemnified; but they do not all happen in every case. For this reason the remedies are various, so as to suit each case. Illustration: When the ancestor was disseized, and nothing has descended to the heir but the mere right to the land, he may recover the land in the writ of entry, but he is entitled to no damages, because the waste and the disseisin done in the lifetime of the ancestor have died with him, and the waste done since is no trespass to the heir who has not entered; and as to the profits, the wrongful person was permitted to keep them to pay the feudal services, &c. 3 Bl. Comm. c. 10, pp. 187, 188. The heir having sustained but one of the before-mentioned injuries, the loss of the land, has a specific remedy to recover that, and nothing else. If the ancestor died seized, and a stranger abated, the heir might recover the land in the writ of mort d'ancestor, but no damages, for the reasons before mentioned. 3 Bl. Comm. c. 10, p. 185; 2 Inst. 286. But if the heir had entered, and a stranger put him out of possession, all the before-mentioned injuries were sustained; and therefore for this new disseisin he might recover the land and damages in the writ of assize of novel disseisin. 3 Bl. Comm. c. 10; 2 Inst.; and Booth's Law of Real Actions. In the assize of novel disseisin, the demandant counted on an actual possession in himself; and for the trespass done to that possession by the disseisin, the damages were given. Hence this action was called a mixed action (Sayer's Law of Damages), because it partook of the nature of a writ of entry so far as it regained the land, and of the nature of a writ of trespass so far as it gave damages. But although the demandant was entitled to damages, it was not necessary to pay him in money. It is enough that he receive something valuable, which will put him in as good a situation as if he had not been disseized; for that is the object of the writ. He may therefore be paid for the profit by improvements. "He who recovers the land shall have the emblements, but the assize recouped the damages because the land was sown." 9 Vin. Abr. tit. "Emblements," 369, cites Brooke, Abr. "Emblements," 11, 24, E 3, 50. "Damages to 40s. found by the assize, and no more, because the land is well sown and the house mended, and so recouped the damages." 8 Vin. Abr. tit. "Discount." In assize the plaintiff recovered the land and no damages,